T.C. Summary Opinion 2001-30


UNITED STATES TAX COURT


CYNTHIA MARIE BYE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12806-99S.                    Filed March 14, 2001.


Cynthia Marie Bye, pro se.

<u>Ralph W. Jones</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $7,159 in

petitioner's Federal income tax for taxable year 1994.  The sole issue for decision is whether petitioner is entitled to nonrecognition of gain from the sale of her personal residence in 1994 pursuant to the provisions of section 1034.

The stipulation of facts and the accompanying exhibits are incorporated herein by reference.  Petitioner resided in Vancouver, Washington, at the time her petition was filed in this case.

In 1982 petitioner purchased a residence located at 2105 NE 95th Avenue, Vancouver, Washington (2105 house).  In 1990 petitioner purchased a residence located at 17217 NW 61st Avenue, Ridgefield, Washington (Ridgefield house).  The 2105 house was converted to rental property in 1990, and the Ridgefield house was petitioner's primary residence from 1990 through September 1994.

In September 1994 petitioner sold the Ridgefield house and converted the 2105 house to her primary residence.  Petitioner reported the sale of the Ridgefield house on her 1994 Form 1040 PC, U.S. Individual Income Tax Return, and deferred the gain.

On March 26, 1996, petitioner purchased and occupied a residence at 2106 NE 104th Avenue, Vancouver, Washington (2106 house).  On March 27, 1996, petitioner sold the 2105 house.

On September 30, 1996, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for taxable year 1994,

applying the deferred gain from the sale of the Ridgefield house to the 2106 house. Petitioner's 1996 Form 1040 incorrectly reported the gain from the sale of the 2105 house on Form 4797, Sales of Business Property. Petitioner filed Form 1040X for 1996 to remove the gain from Form 4797 and to correctly report it on Form 2119, Sale of Your Home, and to elect to defer the gain. Petitioner's Form 2119 indicates that petitioner had not bought or built a "new main home" at the time the form was completed but that she planned to replace her home within the replacement period. Petitioner did not file a second 1040X for 1994 to reverse the rollover of gain that was reported on the 1040X for 1994.

The notice of deficiency is based on a determination that the Ridgefield house was rental property and that petitioner thus did not meet the requirements of section 1034. In the alternative, the notice of deficiency states that gain from the sale was not properly computed. At trial and in his trial memorandum, respondent abandoned these arguments and asked us to consider whether petitioner is prohibited from rolling over into a "new residence" the gain from the second sale within 2 years of an "old residence" when petitioner also rolled over into the "new residence" the gain from the first sale of an "old residence". Respondent explained that the rollover of the first residence in 1994 was disallowed because petitioner also filed a claim for the

1996 rollover, which claim still could be acted upon. Respondent further explained that "the issuance of the 1994 statutory notice should not be used as a means to deny petitioner the benefit of the election for 1994."

We understand from petitioner's testimony that she would like to roll over the gain from the sale of the second house she sold (the 2105 house) rather than the gain realized from the sale of the first house she sold (the Ridgefield house). She explained that her accountant incorrectly rolled over the gain from the sale of the Ridgefield house on her Form 1040X for 1994. She also testified that her accountant had incorrectly reported the sale of the 2105 house as the sale of rental property on her 1996 Form 1040.

Although we are sympathetic to petitioner's situation, we are unable to address her 1996 tax year. This is a court of limited jurisdiction. See sec. 7442. We lack jurisdiction to redetermine petitioner's tax liability in years for which the Commissioner has not issued a notice of deficiency. See secs. 6213(a) and 6214(a) and (b). The only notice of deficiency issued to petitioner was with respect to her 1994 tax year.

Petitioner's rollover of gain from the sale of the Ridgefield house into the 2106 house comports with the requirements of section 1034. The provisions of section 1034 are mandatory; a taxpayer cannot elect to have gain recognized under

circumstances where this section is applicable.  See <u>Robarts v. Commissioner</u>, 103 T.C. 72, 75 (1994); sec. 1.1034-1(a), Income Tax Regs.  Accordingly, petitioner is entitled to the benefits of the statute in 1994.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for petitioner</u>.